IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                  Case No.:     3:05cr69/MCR
                                                                   3:09cv335/MCR/EMT

STEPHEN MICHAEL ALFORD

_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Defendant's motion to dismiss his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 280). Defendant requests dismissal of his motion because, after reviewing the Government's response to the § 2255 motion, he has decided not to pursue this action further (*id.*).

Because the Government has served an answer in the instant case, this action may not be dismissed at Defendant's instance except by order of the court. Fed. R. Civ. P. 41(a)(2). In light of Defendant's desire to dismiss his motion, this court concludes dismissal is appropriate. However, Defendant should be aware of 28 U.S.C. § 2255(f), which establishes a one-year period of limitation for § 2255 motions. The one-year period generally runs from the date upon which the conviction became final, *see* § 2255(f). Additionally, the fact that the motion is dismissed without prejudice does not preclude a determination that a subsequently filed § 2255 motion is untimely or otherwise procedurally barred.

Accordingly, it is respectfully **RECOMMENDED**:

1.       That Defendant's motion to dismiss (Doc. 280) be **GRANTED**.

2.       That this § 2255 action be dismissed without prejudice.

At Pensacola, Florida, this 12th day of January 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**